IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


STEVE SHEASLY,                                          10-CV-956-PK

                  Plaintiff,                           ORDER

v.

ORR FELT COMPANY, an Ohio
corporation,

                  Defendant.


RICHARD C. BUSSE
Busse & Hunt
621 SW Morrison Street, Suite 521
Portland, OR 97205
(503) 248-0504


                Attorneys for Plaintiff


1 - ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 SW Broadway, Suite 1900
Portland, OR 97205
(503) 248-1134

        Attorneys for Defendants


**BROWN, Judge.**

    On October 25, 2010, Magistrate Judge Paul Papak issued an
Opinion and Order (#11) granting in part and denying in part
Defendant's Motion (#3) to Dismiss for Improper Venue.
Specifically, the Magistrate Judge granted Defendant's Motion to
the extent Defendant seeks to enforce the forum-selection clause
in the employment agreement between the parties but denied
Defendant's Motion to the extent it seeks the dismissal of
Plaintiff's claims.  In accordance with the forum-selection
clause, the Magistrate Judge ordered this matter to be
transferred to the federal district court for the Southern
District of Ohio, Western Division.

    On October 26, 2010, before the time to object to the
Magistrate Judge's Opinion and Order had passed, the Clerk of the
Court electronically transferred this matter to the Southern
District of Ohio, Western Division.  On November 3, 2010,
Plaintiff filed timely Objections (#13) to the Magistrate Judge's
Opinion and Order.  On November 17, 2010, Defendant filed its
Response (#14) to Plaintiff's Objections.  Neither party

2 - ORDER

addressed the Court's authority to review Plaintiff's Objections to the Magistrate Judge's Opinion and Order in light of the transfer to the District Court for the Southern District of Ohio.

## JURISDICTION

The Court first finds it necessary to address the nature of the Court's jurisdiction to consider Plaintiff's Objections to the Magistrate Judge's Opinion and Order. In general, when a matter is transferred from one federal court to another, the transferring court is deprived of jurisdiction over the matter. *See In re Leonard E. Briscoe*, 976 F.2d 1425, 1426-27 (D.C. Cir. 1992). The general rule is subject to a limited exception in which the transferring court may retain jurisdiction to hear a party's challenge of the court's power to transfer the matter. *Id. See also Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d. Cir. 1969). Because Plaintiff's objections to the Magistrate Judge's Opinion and Order assert the Magistrate Judge made clear errors of law and, as a result, did not properly order the transfer of this matter, the Court treats Plaintiff's objections as a challenge to the power of the Court to transfer the matter. The Court, therefore, concludes the ministerial act of the Clerk of the Court in transferring this matter before the time ran for the filing of objections does not deprive this Court of the limited jurisdiction to consider whether the Magistrate Judge's decision

3 - ORDER

to transfer this matter was itself proper.    Thus, the Court
concludes it may properly consider the substance of Plaintiff's
objections pursuant to Federal Rule of Civil Procedure 72(a).

In any event, if this Court did not retain the authority to
resolve Plaintiff's Objections, the alternative would be for this
Court to request the District Court for the Southern District of
Ohio to return the matter to this district to permit the Court to
review the Opinion and Order by Magistrate Judge Papak.  *See In
re Leonard E. Briscoe*, 976 F.2d at 1427.  Because this Court
ultimately concludes Plaintiff's Objections do not demonstrate
any clear error on the part of the Magistrate Judge, such a
request would be a futile act and would needlessly delay this
matter further.  Accordingly, there is not any need for this
Court to make such a request of the transferee district court.


**STANDARDS**

In accordance with Rule 72(a), "[w]hen a pretrial matter not
dispositive of a party's claim or defense is referred to a
magistrate judge to hear and decide, the magistrate judge must
promptly conduct the required proceedings and, when appropriate,
issue a written *order* stating the decision."  The standard of
review for an order with objections is "clearly erroneous" or
"contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A)(applying
the "clearly erroneous or contrary to law" standard of review for

4 – ORDER

nondispositive motions).  If a ruling on a motion is not
determinative of "a party's claim or defense," it is not
dispositive and, therefore, is not subject to *de novo* review as
are proposed findings and recommendations for dispositive motions
under Title 28 U.S.C. § 636(b)(1)(B).  The parties agree the
Magistrate Judge's decision to transfer this matter is not
dispositive of any of Plaintiff's claims and, therefore, is
reviewable only for clear error under Rule 72(a).

<u>**PLAINTIFF'S OBJECTIONS**</u>

Plaintiff objects to the Magistrate Judge's Opinion and
Order insofar as the Magistrate Judge concluded the forum-
selection clause in the employment agreement between the parties
requires the Court to transfer this matter to the District Court
for the Southern District of Ohio.  Specifically, Plaintiff
contends the Magistrate Judge (1) erroneously interpreted the
scope of the forum-selection clause, and (2) erroneously
concluded Plaintiff's Claims, in fact, "pertain[] to any dispute
arising out of or connected with [the] Agreement."  Plaintiff
does not otherwise challenge the validity or enforceability of
the forum-selection clause at issue.

**I.    Scope of the Forum-Selection Clause.**

Plaintiff contends the Magistrate Judge erred by broadly
interpreting the scope of the forum-selection clause to apply to

5 - ORDER

a class of claims beyond those "arising under" the employment

agreement.  The employment agreement between the parties contains

the following forum-selection clause:

> This Agreement and the rights and obligations
> of the parties hereto shall be governed by
> and construed in accordance with the laws of
> the State of Ohio.  Further, [Plaintiff] and
> [Defendant] hereby agree that any dispute
> arising under this Agreement shall be
> determined in the Common Pleas Court of Miami
> County, State of Ohio or in Federal District
> Court for the Southern District of Ohio,
> Western Division, and that no action shall be
> filed in any other court pertaining to any
> dispute arising out of or connected with this
> Agreement. [Plaintiff] and [Defendant] also
> hereby waive any issues of personal
> jurisdiction or venue for purposes of
> carrying out this provision.

In his Response to Defendant's Motion, Plaintiff argued to

Magistrate Judge Papak the phrases "arising under the Agreement"

and "pertaining to any dispute arising out of or connected with"

the employment agreement are used interchangeably and should have

the same meaning.  Based on his thorough discussion of the

applicable federal law and of the competing interpretations,

however, the Magistrate Judge rejected Plaintiff's interpretation

and concluded the phrase "pertaining to any dispute arising out

of or connected with this Agreement" is distinct from and has

meaning independent of the phrase "arising under this Agreement."

Accordingly, Magistrate Judge Papak found the phrase "or

connected with this Agreement" applied to a class of claims that

have a more attenuated connection to the employment agreement

6 – ORDER

than those strictly "arising under" the agreement.

In his Objections, Plaintiff predominantly raises the same arguments that he made in response to Defendant's Motion before Magistrate Judge Papak to support his narrow interpretation of the scope of the forum-selection clause.  Plaintiff contends the Magistrate Judge's interpretation is in error because "[u]nless the first part [of the forum-selection clause] and the second part agree and refer to the same set of disputes, an anomaly would result."  Thus, Plaintiff contends an anomaly arises

> because the first part commits a certain set of cases to the Ohio courts.  That is the set that is to be filed there.  Then the second part bars the filing of cases elsewhere. If that group is a larger set than the first set referred to, that would mean there would be some cases the Agreement precludes from being filed elsewhere that were not committed to be filed in Ohio.  Thus, the second part can't be construed to be broader than the first, pertaining to cases "arising under this agreement," or else there would be more cases precluded from being brought elsewhere than committed to an Ohio forum.

According to Plaintiff, the disjunctive phrase "or connected with this Agreement" does not broaden the scope of the forum-selection clause, and the Magistrate Judge's conclusion to the contrary impermissibly rewrites the agreement in contravention of the manifest intent of the parties.

The Court does not agree the intent of the parties with respect to the scope of the forum-selection clause is manifest because, *inter alia*, the forum-selection clause may reasonably be

7 - ORDER

interpreted to apply to two sets of claims: those "arising under" the agreement and a broader set of claims that are "connected with" the agreement.  Plaintiff's argument that an anomaly results from the Magistrate Judge's interpretation relies on finding some difference between the phrase limiting cases arising under the agreement to "the Common Pleas Court of Miami County, State of Ohio or in Federal District Court for the Southern District of Ohio, Western Division" and the phrase "no action shall be filed in any other court" with respect to the available fora for filing cases "arising under" and "connected with" the employment agreement.  Both phrases, however, when read in context, refer to the same two possible venues for matters "arising under" or "connected with" the agreement: a state-court forum (Common Pleas Court of Miami County, Ohio) and a federal-court forum (the Southern District of Ohio, Western Division). Thus, whatever the scope of the provision, there are only two fora for filing disputes to which the clause applies regardless whether the clause describes them affirmatively by naming the proper venues or negatively by excluding all others.

Plaintiff also makes the cursory contention in his footnote five that the Magistrate Judge's interpretation is in error when considered in light of the attorneys' fee provision that follows the forum-selection clause in Article VIII of the employment agreement.  The fee provision provides: "If any action at law or

8 - ORDER

in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs, and necessary disbursements in addition to any other relief that may be proper." Plaintiff cites *Christianburg Garment Co. v. E.E.O.C.* for the proposition that attorneys' fees should not be awarded against plaintiffs seeking to enforce civil rights because to do so would chill civil rights suits. 434 U.S. 412, 418 (1978). Without explanation, Plaintiff contends the Magistrate Judge's broad interpretation of the scope of the forum-selection clause would affect the award of attorneys' fees if it "is necessary to enforce or interpret the terms of this Agreement." The proper interpretation of the merits of the attorney fee provision, however, is not before the Court at this time. In any event, *Christianburg* involved the Supreme Court's interpretation of a federal statute (Title VII) in an action to collect attorneys' fees against a federal agency, and the Court did not address private contractual agreements or set any categorical rule that undermines the Magistrate Judge's reasoning. *Id*. Plaintiff did not address these distinctions.

Ultimately, the Court concludes the Magistrate Judge applied the proper legal standards and provided a logical, substantive analysis for giving meaning to the phrase "pertaining to any dispute arising out of or connected with this Agreement" by interpreting the normal meaning of the disjunctive phrase "or

9 – ORDER

connected with this Agreement" to "necessarily encompass claims with a more attenuated connection to the Employment Agreement than claims strictly 'arising out of' the agreement."  The Court, therefore, concludes the Magistrate Judge did not commit clear error in so interpreting the scope of the forum-selection clause.

## II.  Application of the Forum-Selection Clause to Plaintiff's Claims.

Plaintiff also contends the Magistrate Judge erred when he concluded that both of Plaintiff's Claims arise in connection with the employment agreement and, therefore, are subject to the forum-selection clause.

In his Complaint, Plaintiff asserts two claims.  Plaintiff's First Claim seeks relief under Oregon Revised Statute § 659A.100 for alleged unlawful discrimination by Defendant.  Plaintiff alleges Defendant perceived him to be disabled and fired him based on that perception in violation of § 659A.100.  Plaintiff's Second Claim seeks relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1140, for Defendant's alleged unlawful retaliation for Plaintiff's exercise of his right to disability benefits pursuant to ERISA.

Although the Magistrate Judge found neither of Plaintiff's claims "arise under" the employment agreement, he concluded both claims are "connected with" the employment agreement and are, thus, subject to the forum-selection clause.  To support his conclusion, the Magistrate Judge cited to multiple provisions of

10 - ORDER

the employment agreement.  First, the Magistrate Judge noted the employment agreement provides in Article II that Plaintiff's employment with Defendant is "at-will," and Article VII further explains the relationship: "This Agreement may be terminated by either party for any reason whatsoever."  Second, the Magistrate Judge cited Article I, which provides in relevant part:

> If [Plaintiff] at any time during the term of this Agreement should be unable to perform [his] duties under this Agreement because of personal injury, illness, or any other cause, [Defendant] may assign [Plaintiff] to other duties with salary and benefits also adjusted to be in accordance with the new duties. If [Plaintiff] is unwilling to accept the modification in duties made by [Defendant], or if [Plaintiff]'S inability to perform is of such extent as to make a modification of duties hereunder not feasible, [Defendant] may terminate this Agreement.

Finally, the Magistrate Judge referred to Article IV of the employment agreement, which provides among the benefits Plaintiff was afforded that after 30 days of employment Plaintiff could enroll in Defendant's medical benefits package and long term disability plan, and after six months of employment, Plaintiff could enroll in Defendant's 401(k) plan.  The Magistrate Judge ultimately concluded that Plaintiff's claims arise out of his employment relationship with Defendant, which, in fact, was created and governed by the detailed employment agreement between the parties.

     The employment agreement between the parties, therefore,

11 - ORDER

governs the status of Plaintiff's employment by Defendant (at-
will), the circumstances under which Defendant may terminate
Plaintiff generally ("for any reason whatsoever") and
specifically (for an inability to perform his required duties),
and Plaintiff's right to enroll for disability benefits.
Although Plaintiff does not assert a breach of contract claim
with respect to these particular provisions, Plaintiff's
discrimination- and retaliation-based claims are grounded in the
employment agreement.

In particular, Plaintiff's disability discrimination claim
asserts Defendant terminated him because he required time off
from work to manage his stress, considerable pain in his head and
chest, and difficulty walking, lifting, and bending.  If
Defendant, in fact, terminated Plaintiff for his inability to
perform his required duties, such an action would implicate
Articles I, II, and VII of the employment agreement cited above.
Plaintiff's ERISA claim similarly relates to the employment
agreement.  Furthermore, Plaintiff's ERISA claim against
Defendant for unlawful discharge or discrimination against "a
participant or beneficiary for exercising any right to which he
is entitled under the provisions of an employee benefit plan"
depends on the contractual rights Plaintiff was afforded to
enroll in Defendant's long-term disability plan.  *See* 29 U.S.C.
§ 1140.

12 - ORDER

For these reasons, the Court concludes the Magistrate Judge did not commit clear error when he determined Plaintiff's Claims "pertain[] to any dispute arising out of or connected with [the] Agreement" between the parties and are, therefore, subject to the forum-selection clause.

In summary, this Court has carefully considered Plaintiff's Objections and concludes the Magistrate Judge did not commit any clear error.  Accordingly, Plaintiff's Objections do not provide a basis to modify the Magistrate Judge's Order.

Plaintiff concludes his Objections by making a "provisional offer" to dismiss Claim Two under ERISA "to avoid the transfer" if the Court determines that only Plaintiff's Second Claim (ERISA) arises under the employment agreement and provides the sole basis for a transfer under the forum-selection clause.  The Court, however, has not found any clear error in the Magistrate Judge's conclusion that both of Plaintiff's Claims are "connected with" the employment agreement.  Plaintiff's voluntary dismissal of Claim Two, therefore, would not be effective to avoid the transfer.  In any event, the Court emphasizes its authority at this stage is limited to determining whether the Court has the power to transfer this matter.  *See In re Leonard E. Briscoe*, 976 F.2d at 1426-27.  Having found the transfer was appropriate and in light of the fact that the transfer has already occurred, the Court does not have jurisdiction to rule on Plaintiff's offer to

voluntarily withdraw his Second Claim.

## CONCLUSION

The Court **AFFIRMS** Magistrate Judge Papak's Opinion and Order (#11) granting in part and denying in part Defendant's Motion (#3) to Dismiss for Improper Venue.  Accordingly, this matter has been properly transferred to the District Court for the Southern District of Ohio.

The Court directs the Clerk of Court to provide a copy of this Order to the District Court for the Southern District of Ohio, Western Division.

IT IS SO ORDERED.

DATED this 1st day of December, 2010.


        /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

14 - ORDER